IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA W., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-24-1302-SM |
| | ) |
| Frank Bisignano, | ) |
| COMMISSIONER | ) |
| OF SOCIAL SECURITY,[1] | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Linda W.[2] (Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. § 405(g). The parties have consented to proceed before the undersigned for disposition. Docs. 6 & 7; *see* 28 U.S.C. § 636(c).[3]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law

---

[1]     Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025. So the Court replaces Leland Dudek as Defendant with Frank Bisignano. *See* Fed. R. Civ. P. 25(d).

[2]     Plaintiff is referred to by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[3]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Judge (ALJ) failed to properly consider the consultative examiner's findings. Doc. 8, at 3-10.

After careful review of the AR, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.    Administrative determination.

### A.    Disability standard.

Plaintiff protectively filed a Title II (42 U.S.C. § 401, *et seq.*) application for disabled widow's benefits and a month later, filed a Title XVI (42 U.S.C. § 1381, *et seq.*) application for supplemental security income benefits. AR 241, 245. Her amended alleged onset date of disability is June 26, 2022 (also the date the disabled worker died). *Id.* at 18-19.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v.*

2

*Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B.     Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that she can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.*

The parties do not dispute that Plaintiff is the widow of a deceased worker, has attained the age of 50, and is unmarried (and no exception for 20 C.F.R. § 404.335(e) applies). AR 20. For disabled widow's benefits, her prescribed period began on June 26, 2022, the date the wage earner died. *Id.* at 19. She must establish her disability began on or before June 30, 2029 to be entitled to disabled widow's benefits. *Id.*

### C.  Relevant findings.

#### 1.  ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-34; *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since June 26, 2022, the amended alleged onset date;

(2) has the severe medically determinable impairments of abnormality of a major joint (osteoarthritis of the right knee); obesity; Type 2 diabetes mellitus with diabetic chronic kidney disease; renal dysfunction; acute kidney failure; chronic kidney disease stage 3b; and osteoarthritis;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[4] (RFC) to perform the full range of light exertion work defined in 20 C.F.R. §§ 404.1567(b), 416.967(b);

(5) can adjust to other work and that a finding about Plaintiff's capacity to perform any past relevant work has not been made;

(6) the potentially applicable medical-vocational guidelines direct a finding of not disabled given Plaintiff's age (45), education (at least a high school education), and RFC;

---

[4]   "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a).

(6)  had not been under a disability since June 26, 2022 through May 10, 2024.

AR 20-34.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (internal citation omitted). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v.*

*Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not substantial if it is overwhelmed by other evidence in the record'") (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett,* 395 F.3d at 1172) (internal quotation marks omitted). But

the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

> **B.   The ALJ's review of consultative examiner Dr. Sidney Williams' opinion.**

Plaintiff contends that the AL failed to properly consider Dr. Williams' objective findings when crafting the RFC. The ALJ stated:

> The undersigned finds Dr. Williams opinion that the claimant is "unable to work" is an invasion of the Commissioner's province and is not persuasive. Further, although Dr. Williams identified problems with the right knee ("Right knee with tenderness, causing difficulty rising to standing from seated positions during the exam. Motion limited to 50 degrees in right knee" and gait/station, "Slow unstable. Limping on right knee"), Dr. Williams does not opine on how long the claimant can stand and/or walk (with normal breaks) in an eight-hour workday.

> Dr. Williams' opinion appears to be inconsistent with the medical opinions by Dr. Herbert Meites, M.D., and Dr. Ronald Painton, M.D., both of whom opine that the claimant can perform the full range of light exertion work, which includes the ability to stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday. Further, Drs. Meites and Painton did not opine that the claimant needs an assistive device, such as a cane. The undersigned finds the medical opinions by Dr. Meites and Dr. Painton are generally supported by the evidence; are generally consistent with the evidence[ and are persuasive.

AR 32. Plaintiff acknowledges that Dr. Williams' opinion that she is unable to work is a finding reserved to the ALJ. Doc. 8, at 4. She objects to the finding as to her knee and her instability, which she maintains preclude her from performing light work. *Id.*

The Commissioner is correct that Dr. Williams' assessment does not suffice as a "medical opinion." Doc. 13, at 6.

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: []
>
> > (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);

20 C.F.R. § 404.1513(a)(i). Although one might infer Dr. Williams would conclude Plaintiff would have difficulty meeting some demands of work activities, he did not opine as such.

The statements were not medical opinions "to the extent they addressed the ultimate issue of disability" and because "they did not provide evidence concerning [the claimant's] ability to perform the specific demands of work activities." *Staheli,* 84 F.4th at 906. There, the court explained that the following psychologist's prognosis was not a medical opinion that required

evaluation: "prognosis for completing on-the-job training and maintaining full-time, gainful employment is fair to good as long as the job tasks are within her ability level, she receives adequate supervision/training/accommodations, and she is provided sufficient time to perform her tasks." *Id.* The ALJ was not required to evaluate the statements as a medical opinion. *Id.* Here, Dr. Williams' statement does not provide an opinion about Plaintiff's ability to perform specific demands of work activities. And to the extent the ALJ considered it an opinion, he weighed its lack of consistency with Drs. Meites' and Painton's opinions. AR 32.

To the extent that Plaintiff argues the ALJ ignored Dr. Williams' objective findings, Doc. 8, at 6, she is incorrect. The ALJ found Dr. Williams' findings inconsistent with Dr. Meites' and Dr. Painton's opinions, nothing these doctors noted no need for an assistive device and that Plaintiff could perform the full range of light-exertion work. AR 32. The ALJ also considered Plaintiff's physical examinations with her primary care physician, which consistently noted Plaintiff had a full range of motion. *Id.* at 31. And the ALJ's limitation to light work accounted for her severe impairments, including her knee osteoarthritis. See Doc. 8, at 8-10; *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) ("The ALJ accounted for this limitation by fashioning an

RFC for light work, which involves only minimally strenuous activities, *see* 20 C.F.R. §§ 404.1567(b), 416.967(b).").

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 19th day of May, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE